UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMAN MAURICE ROWE, MD, MHA, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> Defendant. | Index No.: <br><br><br> **COMPLAINT** |

Plaintiff, NORMAN MAURICE ROWE, MD, MHA, LLC ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against CIGNA HEALTH AND LIFE INSURANCE COMPANY, ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 71 East 77th Street, New York, New York 10075.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New York.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution (IDR) process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq*.

4. Venue is proper in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

## FACTUAL BACKGROUND

5. Plaintiff is a medical provider who specializes in pain management.

**DISP- 1226207 – Patient D.S.:**

6. On August 26, 2023, Dr. Brooke Griggs MPAS, PA-C, a physical assistant employed by Plaintiff, provided medical treatment for an individual identified as D.S. ("Patient D.S.") at Manhattan Eye, Ear & Throat Hospital, located in New York, York.

7. At the time of his treatment, Patient D.S. was the beneficiary of a health plan issued and/or administered by Defendant.

8. After treating Patient D.S. Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 19318 in the amount of $75,000.00.

9. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff in the amount of $3,418.56.

10. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

11. However, since the services were rendered emergently/inadvertently, Patient D.S.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

12. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

13.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment determination of $3,418.56.

14.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

15.     Plaintiff initiated such arbitration as called for by the NSA.

16.     On May 22, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP- 1226207, awarding Plaintiff a total of $75,000.00, amounting to an additional $75,000.00 over Defendant's initial payment. *See* **Exhibit A**, attached hereto.

17.     Pursuant to the NSA, the determination of the arbitration award under DISP-1226207 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

18.     Indeed, Defendant did not object to Plaintiff's arbitration filing, and instead participated in the arbitration, submitting a "final offer" for Arbitration Dispute DISP- 1226207 of $707.23 for the CPT code 19318.

19.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

20.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was June 21, 2024.

21.     As of the date of this Complaint, over 250 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

22.     For DISP- 1226207, Defendant has failed to pay $75,000.00, which is currently due and owing.

23.     Accordingly, Plaintiff has been damaged in the total amount of $75,000.00 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

## PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

24.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 of the Complaint as though fully set forth herein.

25.     The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

26.     In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

27.     Indeed, Federal courts have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under 9 U.S.C. § 9. *See, e.g.*, *GPS of N.J. M.D. v. Horizon Blue Cross & Blue Shield*, No. 22-6614 (KM) (JBC), 2023 U.S. Dist. LEXIS 159460, at *1 (D.N.J. Sep. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award"); *see also Worldwide Aircraft Servs. Inc. v. Worldwide Ins.*

*Servs., LLC,* No. 8:24-CV-840-TPB-CPT, 2024 U.S. Dist. LEXIS 167943, at *1 (M.D. Fla. Sep.18, 2024) (confirming an NSA award under 9 U.S.C. § 9).

28. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

29. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration awards as follows:

  a. DISP- 1226207, issued May 22, 2024.

## COUNT TWO

### VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF BINDING AWARDS

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 of the Complaint as if fully set forth herein.

31. Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

32. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

33. The certified independent dispute resolution ("CIDR") entity assigned to these disputes, made the following determinations:

  a. ProPeer Resources, LLC, DISP-1226207, issued May 22, 2024, awarding Plaintiff an additional $75,000.00,

34. According to the NSA, Defendant had thirty (30) days to remit the arbitration payments to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

35. Defendant failed to make the payments within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payments to Plaintiff.

36. As such, Defendant has failed to comply with the requirements of the NSA.

37. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $75,000.00.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order confirming the arbitration award issued under DISP- 1226207;

b. For an Order directing Defendant to pay Plaintiff $75,000.00;

c. For attorney's fees, interest, and costs of suit; and

d. For such other and further relief as the Court may deem just and equitable.

Dated: April 11, 2025
Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

By:    /s/ David Nissanoff
David Nissanoff
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0890
Dnissanoff @gottliebandgreenspan.com